<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICKEY DANZEY, | : | |
| Petitioner, | : | |
| | : | Crim. A. No.  90-0304 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**<u>Chesler, U.S.D.J.</u>**

This matter comes before the Court on the motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) filed by *pro se* Petitioner Rickey Danzey. [Docket item 13].  The government filed written opposition to the motion.  [Docket item 15].  The Court has considered the papers filed in support of and in opposition to the motion, and for the reasons discussed below, the Court denies Petitioner's motion for reduction in sentence.

**I. Background**

On April 2, 1991, Petitioner pled guilty to charges of conspiracy to distribute and possession with intent to distribute more than 100 grams of heroine.  In his plea agreement, Petitioner stipulated that the amount of heroine involved in the offense was between 100 and 400 grams.

Petitioner appeared for sentencing on March 31, 1992.  At the hearing, Petitioner also

plead guilty to possession with the intent to distribute more than 500 grams of cocaine, a charge which had been pending against Petitioner in the United States District Court for the Southern District of New York.  Petitioner admitted to possession of 2.1 kilograms of cocaine.

Pursuant to the sentencing guidelines, Judge Lifland combined the drug quantities from the New Jersey and New York drug charges.  Judge Lifland sentenced Petitioner as a career offender and ordered that he serve 240 months for each charge, concurrently.

Petitioner appealed arguing, in part, that the district court erred in finding that he was criminally responsible for 400 to 700 grams of heroin.  The Third Circuit affirmed Petitioner's conviction and sentence.  United States v. Danzey, 14 F.3d 49 (3d Cir. 1993).  Petitioner then filed a petition for a writ of certiorari, which the Supreme Court denied.  Danzey v. United States, 511 U.S. 1020 (1994).

On May 1, 2001, Petitioner filed a petition for relief pursuant to 28 U.S.C. § 2255, claiming that the sentence was unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The government moved to dismiss the petition.  On June 25, 2003, Judge Lifland dismissed the petition, and held that no certificate of appealability would issue.  Petitioner then applied to the Third Circuit for a certificate of appealability, which the court denied on December 15, 2003.  Petitioner also sought leave to file a second or successive petition pursuant to 28 U.S.C. § 2255., which the Third Circuit denied on December 20, 2006.

On February 8, 2007, Petitioner filed this motion for reduction in sentence.  On December 31, 2007, Petitioner completed his sentence of incarceration and was released.   Petitioner is currently serving a term of supervised release.

**II. Discussion**

Petitioner argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) because the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), "lowered his career offender guidelines range by allowing the judge the discretion to impose a lower sentence without regard[] to the 'now advisory' guideline range." The government opposes, arguing that 18 U.S.C. § 3582(c)(2) does not apply in this case.

18 U.S.C. § 3582(c)(2) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
>     . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered <u>by the Sentencing Commission</u> pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if</u> such a reduction is <u>consistent with applicable policy statements</u> issued by the Sentencing Commission.

(Emphasis added).

As noted in the government's brief, the statute expressly applies only when the Sentencing Commission lowers the applicable sentencing range. The statute further requires that the reduction be consistent with the Sentencing Commission's policy statements. Because the Sentencing Commission has not altered the guidelines relevant to Petitioner's sentence, the Court "may not modify" Petitioner's term of imprisonment. <u>Id.</u>

To the extent Petitioner seeks to argue that <u>Booker</u> modified the requirements set forth in 18 U.S.C. § 3582(c)(2), the Court notes that the Third Circuit does not agree:

-3-

> Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait [for a modification to the guidelines by the Sentencing Commission] to apply for relief under § 3582(c)(2).  That fundamentally misunderstands the limits of Booker.  Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines.  As we have stated before, "[t]he language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement[, U.S.S.G. § 1B1.10(c),] provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)."

United States v. Wise, 515 F.3d 207, 221 n. 11 (3d Cir. 2008) (quoting United States v. Thompson, 70 F.3d 279, 281 (3d Cir.1995)).  The holding in Wise makes clear that 18 U.S.C. § 3582(c)(2) authorizes a court to reduce a sentence only when the Sentencing Commission has lowered the applicable guideline range and included the amendment in the list set forth at U.S.S.G. § 1B1.10(c).  Id.  That is not the case here.

The Sentencing Commission has not lowered the guideline range relevant to the crimes for which Petitioner was convicted, nor are such amendments included in the list provided at U.S.S.G. § 1B1.10(c).  Accordingly, 18 U.S.C. § 3582(c)(2) provides the Court no authority to reduce Petitioner's sentence.  Therefore,

**IT IS** on this 18th day of April 2008,

**ORDERED** that Petitioner's motion for a reduction in sentence is denied.  [Docket item 13].

       s/ Stanley R. Chesler
       STANLEY R. CHESLER,
       UNITED STATES DISTRICT JUDGE